## STEVENS v. WILLIAM DEERING & CO.

1.  The rule is general that a party's own declarations in support of his title are inadmissible in his favor on a trial of that question, and the facts in this case do not bring it within any recognized exception to such rule.

2.  Where a father and his family, including his son, all live together, and the dispute is between the son and a third person as to the ownership of certain personal property claimed by the son, the "talk and conversation of the family" that the son was the owner is hearsay, and inadmissible.

(Syllabus by the Court.   Opinion filed Nov. 3, 1894.)

Appeal from circuit court, Brookings county, Hon. J. O. ANDREWS, Judge.

Action for the conversion of certain grain. From a judgment for plaintiff, defendant appeals. Reversed.

The facts are stated in the opinion.

*Preston & Hannett,* for appellant.

A party's declarations are not admissible in his own favor. Tisch v. U. T. T., 21 Atl. 808; Crooks v. Bunn, 20 Atl. 529; McCormick v. Cochrin, 31 N. W. 561; McClure v. Sheek, 4 S. W. 552. The testimony of a wife as to what her husband had told her of his negotiations is incompetent. Eddy v. McCall, 39 N. W. 734; Hodges v. Hodges, 11 S. E. 364; Benent v. May, 34 N. E. 327. A witness cannot testify to a declaration of ownership made to him by a person in possession of the land. State v. Byam, 32 Pac. 623; Bank v. Gifford, 32 N. W. 670; Ray v. Jackson, 7 Son. 747; Griffin v. Bristie, 40 N. W. 523; Parry v. Parry, 18 Atl. 628. Hearsay evidence is inadmissible to establish any fact which is capable of being proved by witnesses who speak from their own knowledge. Lawrence v. Fulton, 19 Cal. 683; Bomheimer v. Baldwin, 42 Cal. 27; Simpson v. Smith, 27 Kan. 565; Lynch v. Posttethwait, 12 Am. Dec. 495; Comm. v. Ricker, 131 Mass. 581; King v. Frost, 28 Minn. 417; Holcomb v. Mumson, 103 N. Y. 683; Dupaynster v. Gargoni, 1 S. W. 652; McKumon v. Norcross, 20 N. E. 183; Knapp v. Sioux Falls, 40 N. W. 587; Tobin v. Young, 24 N. E. 121; 1 Green. Eri. 99; Muna v. Hepburn, 7 Cranch 290; Davis. v. Mood, 1 Wheat 6. Declarations made by a party in his own favor in the absence of the other party, are not admissible.

Treadway v. Treadway, 5 Ill. App. 478; Ward v. Ward, 37 Mich. 253; Whitney v. Haughton, 125 Mass. 451; Nourse v. Nourse, 116 Mass. 101; Woodward v. Leavitt, 107 Mass. 453; Eureka v. Robinson, 56 Pa. St. 256; Clinton v. Mitchell, 61 Ia. 132; Merritt v. Mayor, 5 Cold 95; Hortshom v. Williams, 31 Ala. 149; Simpkins v. Smith, 94 Ind. 470; Chapin v. Peace, 10 Conn. 69; Burns v. Fredericks, 37 Conn. 86. Heavy evidence

is not competent to prove the ownership of property.   Cooley
v. State, 28 Ala. 22; Whitsett v. Stater, 23 Ala. 626; Allen v.
Prater, 30 Ala. 458; School v. Blakestel, 13 Conn. 227; Barry
v. Osborne, 15 Ga. 194; Parker v. Pierce, 16 Ia. 227; Howland
v. Croker, 7 Allen 153; McKinnon v. Bliss, 21 N. Y. 206; Jones
v. Jennings, 10 Humph. 428.   A question calling for a conclu-
sion of the witness which the jury can draw from the facts is
objectionable.   Reeves v. State, 11 Sou. 296.

Witnesses must testify to facts and not to opinions.   Watson
v. Railroad, 57 Wis. 332; Nelson v. Railroad, 59. Wis. 516;
McNeal v. Davidson, 37 Ind. 336; Abbott v. People, 86 N. Y.
460; People v. Murphy, 101 N. Y. 126; Clark v. Fisher, 19 Am.
Dec. 402; Stowe v. Bishop, 58 Vt. 498.

In an action for conversion the rule is that the party re-
cover the value of the property at the time and place of the con-
version.   Saunders v. Clark, 106 Mass. 321; Waymouth v. Rail-
road, 17 Wis. 550; Beebe v. Lampher, 15 Atl. 133; Whetherby
v. Greene, 22 Mich. 311; Mage v. Tappin, 23 Cal. 306; Single
v. Schneider, 24 Wis. 299; Iron Co. v. Iron Works, 102 Mass.
80; Winchester v. Gaig, 33 Mich. 205; Tome v. Dubois, 6 Wall.
548; Cackburn v. Lumber, 54 Wis. 619; Coal Co. v. Long, 81
Ill. 359; Wooden Ware Co. v. N. S., 106 U. S. 432; King v.
Merriman, 35 N. W. 570; Whitney v. Huntington, 32 N. W. 561;
Hoxsie v. Empin, 43 N. W. 476; Hodson v. Goodale, 29 Pac. 70.

Damages sustained not necessarily arising from the act
complained of must be pleaded in order to be proved.   Rose &
Spencer v. Railroad, 21 Minn. 362; Vanderslice v. Newton, 4
N. Y. 132; Stevenson v. Smith, 28 Cal. 103; 4 Enc. Law 124;
Numan v. San Francisco, 38 Cal. 689; Gray v. Bullard, 22
Minn. 278; Butler v. Kent, 10 Am. Dec. 222.

Notes of a stenographer of the evidence given on a prelim-
inary hearing are not admissible except to refresh witness's
memory.   Reid v. Reid, 14 Pac. 781; People v. Cartey, 19 Pac.
490.

*J. P. Cheever* and *Philo Hall*, for respondent.

A defendant in conversion cannot take any advantage of its own wrong and compel the plaintiff to repay or allow anything for the enhanced value of the property converted by reason of any labor or care of the defendant. Wooden Ware Co. v. N. S., 106 N. S. 432; Greeley v. Stillman, 27 Mich. 154; Moody v. Whitney, 38 Me. 174; May v. Yappan, 23 Cal. 306; Coal Co. v. Cox, 39 Md. 1; Brown v. Bosworth, 17 N. W. 24; Wood v. Elliott, 16 N. W. 667; Burlington v. Chicago, 19 N. W. 451; Shepherd v. Pallet, 16 N. W. 271; Tithill v. White, 9 N. W. 528; Brooks v. Rogers, 13 Sou. 386; Babcock v. Gill, 10 Johns 287; Nesbitt v. St. Paul, 21 Minn. 491; Ellis v. Wire, 33 Ind 127; Symes v. Oliver, 13 Mich. 9; Final v. Backus, 18 Mich. 218; Snyder v. Vaux, 2 Rawle 423; Miller v. Humphries, 2 A. K. Marsh 446; Smith v. Gonder, 22 Ga. 353; Baker v. Wheeler, 8 Wand 505; Davis v. Easley, 13 Ill. 192; Eastman v. Harris, 4 La. Ann. 103; Bly v. U. S. 4 Dill. 466; U. S. v. Mills, 9 Fed. 684; Schulenberg v. Harriman 2 Dill. 398; Grant v. Smith, 26 Mich. 201; Stuart v. Phelps, 39 Ia. 14; Benjamin v. Benjamin, 15 Conn. 347; Fisk v. Mese, 58 Me. 46; Mann v. Greer, 4 Haskins 403; Hohus v. Goodwin, 69 N. C. 467; Silsbury v. McCoon, 3 N. Y. 379.

KELLAM J. This is an action brought by respondent as plaintiff to recover the value of grain alleged to have been converted by appellant. The defense was that the grain was taken under and by virtue of the terms of a chattel mortgage thereon, given to appellant by one J. Stevens, the father of the plaintiff, and alleged to be the owner of the same. The primary question was as to the ownership of the grain. The plaintiff recovered, and the defendant appeals.

The grain was raised on a farm formerly belonging to appellee, Artemus B. Stevens. It would seem from the evidence that he was an unmarried man, and that he and his father, J. Stevens, and family, lived together on the place; that in the spring of 1891 the farm was sold or traded to one Nash, living

in St. Paul. In December, 1890, the father, J. Stevens, gave to appellant a chattel mortgage upon all the crops of every kind which might be raised on said farm during the years 1891, 1892, and 1893, and it was under this mortgage that the seizure constituting the conversion complained of was made. Nash, the purchaser of the farm in the spring of 1891, took it upon condition that it should be rented and worked on shares. He testified: "All the conversation I had in reference to this land, at Flandreau, in the spring of 1891, I had with the plaintiff, Artemus B. Stevens. I cannot tell who run the place in the year 1891, under those terms. I was not there; but I suppose the Stevens family; but I don't know who. * * * Whether the son was going to carry it on, or the old gentleman, or who, I can't tell." On cross-examination he testified: "The arrangement as to the renting of the farm was a part of the condition of the purchase, and that was with J. Stevens. · All the arrangements for the lease of the farm were made at the time I contracted to buy the farm,—all in one deal; and that was made with plaintiff's father. * * * I had arrangements made in reference to renting this farm prior to the time I had this talk with Artemus, and that arrangement was made with plaintiff's father." Who was Nash's tenant was thus left in doubt, and evidence was offered by both sides to show who in fact worked the farm and raised the grain in question, the father or the son. To support the claim of plaintiff's ownership, different witnesses were allowed to testify, against defendant's objection, as to what the plaintiff himself told them as to the ownership of the crops, to-wit, that he, the plaintiff, was the owner, and again as to what the "Stevens family said, if anything, relative to who was the owner." The rule is a general one, and hard to evade, that a party's own declarations in support of his title are inadmissible in his favor on a trial of that question. There can, of course, be no doubt that such is the rule, and the only theory upon which the admission of this evidence is attempted to be justified is that the declarations proved were

made at a time and under circumstances when the plaintiff could have had no reason for or object in misrepresenting. Assuming that when such reasons confessedly exist, and the court can plainly see that all possibility of their having been made with a view to future use upon the question of ownership is precluded, such testimony may be received, not so much as substantive evidence to prove the fact of ownership as corroborative of other testimony so tending, we think the trial court in this case extended the protection of this claimed exception to the general rule to at least a very doubtful case. During the winter previous the elder Stevens had given to appellant a chattel mortgage on the crops to be grown the ensuing year upon this farm. Plaintiff testifies that he "had no actual knowledge of this mortgage" until about harvest time. The mortgage, however, was properly filed, and carried constructive notice of its contents to plaintiff. While the giving or the filing of the mortgage could have no effect upon plaintiff's rights, if he really owned the property mortgaged, yet other facts in evidence, and still others which defendant unsuccessfully offered to prove, were sufficient, in our judgment, to prevent this case from coming within the exception to the general rule. He testified that he knew that his father bought a binder and mower of appellant, and that he "supposed he had to give notes." They, the father, his family and this plaintiff, his son, all lived together on the farm of the plaintiff. While it might so happen, we think it would be unusual for the father, under such circumstances, to buy a machine of this character and cost, to be used on plaintiff's farm, in cutting plaintiff's grain, and the plaintiff have no idea how its payment was provided for. His statement as to his "actual knowledge" might have been literally true, and yet he be not so innocent of any knowledge upon the subject as he ought to be, to bring his challenged declarations within the exception claimed. This suspicion is strengthened by the fact that appellant offered to show by the plaintiff himself that in the January prior to the giving of this

mortgage his father gave a similar chattel mortgage on the crop to be raised on this farm in 1890, to secure these same notes, and that he, plaintiff, knew of and acquiesced therein. Upon the objection of plaintiff, this offer was rejected by the court. With these facts before the court, whatever might have been a proper ruling without them, we do not think the statement of the plaintiff to his neighbors that he was the owner of these crops was admissible in his favor. We should have the same opinion as to the admissibility of "the talk and conversation of the Stevens family." It was hearsay. If any of them knew or thought they knew, to whom the crops belonged, they should have been produced as witnesses, and told the jury upon what facts or knowledge they based their judgment, leaving the jury to reach their own conclusions upon the question of ownership from all the facts. The question of ownership was the vital one in the case. This evidence which we have considered came in much the same form from several of plaintiff's neighbors. It is impossible to tell how far the jury may have been influenced by it. We think it was erroneously admitted, and that it was probably prejudicial. The judgment is reversed, and the case remanded for a new trial.